OPINION AND ORDER
ROBERT N. CLINTON, Associate Justice.
Factual and Procedural History
[1] Appellant Levon Nahpi seeks reversal of his conviction for Sexual Conduct with a Minor. Appellant was convicted of the criminal offense listed under Ordi *373 nance 21 Title III of the Hopi Indian Tribe Law and Order Code § 3.3.11. Appellant was sentenced to 365 days in jail on February 25, 2009 after he was found guilty of Sexual Conduct with a Minor by a jury. The code that defines this charge is listed below:
3.3.11: Sexual Conduct with a Minor. Any Indian who commits sexual acts with a minor by intentionally or knowingly engaging in sexual intercourse, or oral or anal sexual contact with any person who is under eighteen (18) years of age and who is not his or her spouse, or fondling the genitals or breasts with intent to gratify or arouse sexual desires of himself or of any person shall be deemed guilty of an offense.
[2] Appellant Levon Nahpi, a Hopi Indian, is the uncle of alleged victim K.P., a 12 year old female at the time of this incident. On April 16, 2008, the alleged victim was told that her relative Kathy Nahpi wanted her to come over to the Nahpi house. The alleged victim went over to the Nahpi house and found that there was no one there but Levon Nahpi, brother of Kathy Nahpi. It is claimed that when the alleged victim arrived, Nahpi told her that Kathy was asleep. Nahpi then walked up behind the alleged victim and started touching her face. He then grabbed the alleged victim by her hips and started pushing her further into the living room and started kissing her on her neck. It is alleged that Nahpi then lifted the minor up, put her on the floor, and laid on top of her. Nahpi then allegedly pulled up the minor’s blouse and bra up and started kissing her. He started sucking on her chest above her breast and left visible red marks. Nahpi then allegedly lifted his own shirt up and tried to unbutton the minor’s pants after rubbing her legs and buttocks over the top of her jeans. Finally, Nahpi allegedly started humping the minor’s leg and breathing hard while rubbing her when they were interrupted by Nahpi’s family coming home. The minor did not report this incident to her parents until 4 days after the incident occurred but had told her best friend what had happened.
[3] The Hopi Tribe filed a complaint against the Appellant, defendant in the trial court case, for a violation of Hopi Tribal Ordinance 21 Section 3.3.11. The complaint filed by the Hopi Tribe alleged that the Appellant committed the crime of Sexual Conduct with a Minor on April 16, 2008 at or around 6:30 PM. The complaint alleges that the appellant grabbed the victim, a 12 year old female, by her hips and kissed her on her neck, the placed her on the floor and rubbed her legs and buttocks. It further alleges that the appellant pulled up the minor’s blouse and bra up kissing her bare breasts with the intent to gratify his sexual desires. During the trial, there was witness testimony from an officer who testified that the victim reported the Appellant grabbed her by the hips, kissed her, and touched her on the buttocks. However, the officer reported the victim did not state there was fondling of the genitals or breasts during cross-examination. There was witness testimony from the victim who added that the Defendant tried to give her hickeys above her breasts and left marks above her breasts. The victim also testified that the Defendant was “humping her”. The appellate briefs suggest that there was no physical evidence such as photographs or medical documents that were presented to support the Hopi Tribe’s case.
Issues Raised on Appeal
(1) Issue One: Appellant appeals the trial court’s judgment on the grounds that the eourt erred in denying the Appellant’s motion for mistrial when the *374 prosecutor identified the victim and jurors witnessed an emotional victim before the paneling of the jury.
(2) Issue Two: Appellant appeals the trial court’s judgment on the grounds that the evidence does not support the elements required for the crime of Sexual Conduct with a Minor. Appellant argues that the ordinance is limited to skin to skin contact. Appellant also argues that the evidence did not prove what was charged within the complaint.

DISCUSSION

I. APPELLANT WAS NOT DENIED A FAIR TRIAL AND MOTION FOR MISTRIAL WAS PROPERLY DENIED BY THE TRIAL COURT
[4] Appellant brings up several issues as to why he did not receive a fair trial. Appellant believes the trial court erred when the motion for mistrial was denied even though the witness was identified as a victim and was seen in an emotional state before the jury was paneled.[1] Additionally, when the jurors went into the judge’s chambers with counsel present, they stated that they were affected by the emotional state of the victim. There are several reasons why the appeal is denied based on this first issue. First, a motion for mistrial is different from a motion to strike a juror and the court should only grant a motion for mistrial in extreme circumstances, which the factual record of this case does not indicate. Secondly, appellant fails to demonstrate the difference between jurors being affected by an emotional witness before the paneling of a jury as opposed to after the paneling of a jury. Third, identifying the alleged victim to the jurors is proper procedure in these types of cases in order to identify conflicting interests and possible existing relationships between the jurors and the alleged victim. Fourth, the jurors stated that they were able to enter a fair decision during jury voir dire before they were seated. Finally and most importantly, in due process questions concerning jury voir dire, jury paneling, and granting mistrials based on the emotional state of witnesses, the trial court has discretion and the court of appeals generally defers to the trial court’s discretion in this particular case in *375 the absence of an abuse of discretion, which has not been shown here.
[5] A motion for mistrial is different from a motion to strike a juror and the court should grant a motion for mistrial only in extreme circumstances. The factual record of this case does not support the argument that this was a circumstance where a mistrial was needed to ensure due process for the appellant. A motion to strike allows a judge to remove the juror while a motion for mistrial would overthrow the entire case. Appellant has conceded that there is a waiver of this issue if there was no motion’ to strike a juror[2]. Indeed even without this waiver, Ordinance 21 § 2.9.8 and § 2.9.9 suggests that a challenge for cause may be granted in very specific circumstances.[3] The appeal bases its argument on the fact that the jurors expressed that they were influenced by the emotional state of the alleged victim. This issue only references Subsection C of this § 2.9.8. The factual record does not suggest there was an abuse of discretion by the trial court judge if the court ruled the jurors did not satisfy the elements of this section. This is further discussed in paragraph 8 of this opinion. However, it is also important to note that if there was no challenge for cause, as the available trial court records seem to indicate, then the appellant has waived the basis for challenge.[4]
[6] Appellant fails to demonstrate the difference between jurors being influenced by an emotional witness before the paneling of a jury as opposed to after the paneling of a jury. Persuasive Arizona law and Hopi Court practices are clear that emotional displays that prejudice the juror during a trial do not violate due process rights of the appellant. Alleged victims frequently become emotional as they recount their stories on the stand or during testimony during a court proceeding. In their brief to the Court, Appellant cites HTO Ordinance 21, Section 2.10.2. This ordinance addresses the burden of proof on the Hopi Tribe, Defendant’s right *376 not to testify, and the fact that Defendant’s exercise of his right not to testify should not be construed against him or mentioned by the Hopi tribe. Appellant did not specify any issues that would be violating HTO Ordinance 21, Section 2;10.2 even though it is cited in relation to emotional witnesses.[5] This ordinance does not indicate that emotional witnesses should not be allowed due to tainting of the jury and this court does not see the connection between this ordinance and the issues brought up in this appeal. Additionally, it was difficult to find tribal case law or guidance on this particular issue due to the lack of appellate record in these types of cases. However, this issue has been addressed in the Arizona courts which give the trial court discretion over refusing to declare mistrials and strongly favors not mandating a mistrial due to emotional outbursts by witnesses. Although Arizona case law is certainly not binding precedent on the Hopi Tribal Courts, the legal reasoning used in the following cases are persuasive and applicable to this case. The Arizona cases indicate that emotional outbursts usually do not constitute grounds for a mistrial. In a 1978 case, Arizona v. Williams, the court refused to grant a motion for mistrial even though, “there were indications that the victim was crying almost the whole time she was testifying,” the victim was crying “uncontrollably and could hardly answer questions,” and the victim “could be heard sobbing pathetically outside the courtroom in the hallway.” See Arizona v. Williams, 121 Ariz. 213, 215, 589 P.2d 456 (Ariz.App.1978). The Arizona Court of Appeals ruled that the trial judge did not abuse his discretion in denying a motion for mistrial even after the victim’s testimony had to be interrupted to let her calm down. Id. Similarly, the Arizona Supreme Court affirmed the denials of a motion for mistrial after the victim’s stepmother cried audibly during closing arguments. The court stated, “We previously have found that more substantial emotional outbursts in the jury’s presence did not mandate a mistrial.” See Arizona v. Kuhs, 223 Ariz. 376, 380, 224 P.3d 192 (2010).
[7] There is nothing improper about identifying the alleged victim to the jurors. It is proper procedure in these types of cases in order to prevent conflicting interests and possible existing relationships between the jurors and the victim. AdditionaEy, the appellant agreed to this procedure. There was clear waiver by appellant of this process in the trial court records. No objection was raised towards introducing the alleged victim to the jury before the paneling of the jurors was complete. The trial court records indicate that the judge suggested introducing the witnesses to the jury to make sure that there were no prior relationships that would question due process and fair trial standards. The court asked both parties if this was acceptable and they both affirmed.[6] Since the defendant accepted *377 that procedure and did not object, he also waived any right to later object to it on appeal.
[8] The jurors stated that they were able to enter a fair decision during jury' voir dire before they were seated and the jury paneling was complete. Appellant suggests that there was evidence of jury bias because some jurors admitted to being influenced by the emotional state of the victim. However, jurors are often influenced by many factors including prior relationship to the parties, past experiences with law enforcement or the court system, being able to relate to a certain party, etc. The test for whether a juror can remain on the panel while ensuring that the trial still remains a fair one, is whether or not they believe they can enter a fair decision despite these existing biases. The jurors were affected by an emotional witness but they also stated they could enter a fair and impartial decision which suggests the trial court did not err in allowing the jurors to be seated.
[9] Most importantly in this case, this first issue brought up on this appeal is a question of due process.[7] Procedural questions have different standards and presumptions. In some procedural questions, the appellate court can have de novo jurisdiction. However, the procedural questions brought up in this appeal, on jury paneling and granting mistrial based on prosecutorial and witness conduct, require the abuse of discretion standard. This means that this court of appeals will grant the appeal and reverse the trial court decision only when the trial court has abused its discretion in these questions. Although Arizona court precedent is not binding authority in the Hopi Courts, the legal reasoning used to indicate the abuse of discretion standard in such cases is persuasive to this court. The Hopi Tribe has cited some case authority to this effect during oral arguments but because there was no brief filed with the court, some different authority suggesting the same standard is used by this court in this order. The abuse of discretion standard is used during issues of jury paneling during voir dire and assessing prejudice by an emotional witness. Voir dire of jurors in chambers is left to the discretion of the trial court judges. The Arizona courts give the trial court discretion over how voir dire is carried out and does not deem voir dire in chambers to be a violation of due process rights. In one Arizona Supreme Court case involving a murder trial, jurors who held reservations about the death penalty were taken into chambers for individual questioning. See Arizona v. Bocharski, 218 Ariz. 476, 484, 189 P.3d 403 (2008). Additionally, in Arizona v. Canez, the court clearly left the method and scope of voir dire to the discretion of the trial judge. The court stated, “We will not disturb the trial court’s selection of the jury in the absence of a showing that a jury of fair and impartial jurors was not chosen [... ] The trial court expressly encouraged counsel to conduct extensive individual oral voir dire, including in chambers if necessary.” See Arizona v. Canez, 202 Ariz. 133, 148, 42 P.3d 564 (2002). Decisions on granting mistrials based on emotional states of witnesses are also left to the discretion of the trial court judges. In one Arizona Supreme Court case involving *378 a witness who cried uncontrollably throughout her entire trial, the court gave discretion to the trial judge stating, “We believe that the trial judge who witnessed the victim’s conduct and could measure its possible effect on the jury did not abuse his discretion in failing to order a mistrial.” See Arizona v. Williams, 121 Ariz. 213, 215, 589 P.2d 456 (Ariz.App.1978). Additionally, in Arizona v. Kuhs, the clearly states the abuse of discretion standard is used because the trial court is in the best position to balance the irreversible effect of an emotional outburst, “We review the denial of a motion for mistrial for abuse of discretion. This deferential standard of review applies because the trial judge is in the best position to evaluate the atmosphere of the trial, the manner in which the objectionable statement was made, and the possible effect it had on the jury and the trial.” See Arizona v. Kuhs, 223 Ariz. 376, 380, 224 P.3d 192 (2010).
II. SKIN TO SKIN CONTACT IS NOT A LIMITATION OF THE ORDINANCE
[10] Skin to skin contact is not a limitation of Title 21 § 3.3.11. Appellant argues that there was a mistake of law by the Tribal Court and that a directed verdict should have been granted because there was no skin to skin contact during the alleged assault. While the factual record in this case and the direct testimony of the witnesses suggest that there was evidence to suggest skin to skin contact and fondling of the bare breasts, even evidence of contact above clothing satisfies this charge. Appellant concedes in their brief to the court that there was evidence of touching and rubbing of the buttocks and legs above the minor’s pants. Additionally, during oral arguments appellant seemed to concede there was fondling or contact with the minor’s breasts above the minor’s clothing. Skin to skin contact is a limitation that cannot be found anywhere within the statute. The evidence presented to the trial court is sufficient. If a jury panel found the witness testimony to be true, there is absolutely no reason why lack of skin to skin contact would require a directed verdict after the appellant fondled, humped, and inappropriately touched a minor child. There is no convincing evidence for this reading of the ordinance and the evidence presented is sufficient to uphold the charge of Sexual Conduct with a Minor.
III. THE EVIDENCE NEED NOT PROVE EXACTLY WHAT WAS ALLEGED WITHIN THE COMPLAINT AS LONG AS IT PROVES THE ELEMENTS OF THE CRIME CONTAINED IN THE CHARGE AT THE TIME ALLEGED.
[11] Additionally, appellant argues that even if the evidence in the factual record satisfied the elements of the charge of Sexual Conduct with a Minor, the trial court should have still granted a directed verdict because the evidence did not prove what was originally alleged within the complaint. The appellant misunderstands when a directed verdiet is required by a court. The evidence that is presented throughout the course of a trial does not have to prove exactly what is stated within the complaint as long as it fits within the charge. Appellant’s argument is that the evidence did not support the full complaint because the complaint had a couple sentences alleging specifically that the appellant had pulled up the minor’s blouse and bra and kissed the minor on her bare breasts. Appellant argues that there was no evidence to suggest kissing on the bare breasts. We do not comment on the validity of this argument because this factual inquiry is best left to the trial court. *379 However, even if the evidence did not support the claims made in the complaint, it is not grounds for a directed verdict. Rule 9(b) of the Hopi Indian Rules of Civil and Criminal Procedure clearly states that the judgment conforms to the evidence presented at trial and the pleadings do not need to be amended.[8] The evidence must prove the elements of the charge and does not have to prove exactly what is stated in a criminal complaint. This standard would be too burdensome on the Hopi Tribe.
IV. BOND ISSUES SHOULD BE ADDRESSED TO THE TRIAL COURT AND IT IS OUTSIDE THE JURISDICTION OF THE COURT OF APPEALS
[12] Appellant raised issues of returning bond money at oral arguments. A review of the jail records reveals that appellant has completed his 365 day sentence in jail. The court of appeals agrees with the appellant that the trial court should return the bond back to the appellant since he has served his full time. However, the motion to return a bond must be made to the trial court because issues on bonds go before the trial court and is outside the jurisdiction of the Court of Appeals. Rule 37 of the Hopi Indian Rules of Civil and Criminal Procedure suggests rules on the jurisdiction of the appellate courts. Rule 37(e) states the following:
Rule 37(e): Bond, on Appeal. At the time of filing the Notice of Appeal, the appellant shall also file cash or a bond in an amount set by the trial court sufficient to guarantee performance of the judgment if such performance is stayed on appeal plus, in any event, sufficient to guarantee payment of such costs or interests as the appellant court may award, (emphasis added)
Conclusions and Order
[13] The two issues claimed on appeal do constitute a sufficient legal basis to undermine appellant’s conviction for the reasons stated above. Appellant did not meet the required abuse of discretion standard in raising due process issues and arguing that appellant did not receive a fair trial and may have waived some of those claims. Additionally, appellant misinterprets the law while the trial court correctly interpreted it. The trial court correctly denied the motion for directed in this case and the evidentiary record provides a firm basis for the charge of Sexual Conduct with a Minor. The appeal is denied and the conviction and sentence of the trial court are AFFIRMED.
IT IS SO ORDERED.

. The appellant also argues that prejudicial statements were made by the prosecution which affected the presumption of innocence. However, appellant does not clearly identify what the prejudicial statements were other than the fact that the prosecutor labeled the appellant before the paneling of the jury. The record reflects that the defense counsel objected to the prosecutor when he called the appellant a ‘'perp”. The record also reflects that the court granted a sidebar, allowed appellant’s counsel to ask the prospective jurors if they heard and were affected by the prosecutor’s statement, and the jurors did not raise any issues. A rough transcription of this record is below.
Prosecutor: Your honor, the Hopi Tribe has an interest in keeping the victims apart from the perps.
Defense Counsel: Objection, your honor.
[...]
Defense Counsel: Court sidebar please.
[Sidebar]
The Court: Both sides need to agree on how to refer to Mr. Nahpi. Generally in a criminal case, the defendant should be referred to as a defendant or by a surname or by the full name. So you need to agree to that. Okay. Let’s move on.
Defense Counsel: I stand by my request to the court that I prefer to voir dire individually.
The Court: My instruction to you counsel was that you may ask the people present if they heard what the prosecutor said and if the answer is yes, then you may go into individual voir dire.
Defense Counsel: Okay, may I?
The record reflects no abuse of discretion by the trial court judge and appellant received due process by the court.

. A look at the factual record suggests that there was no for cause challenge during jury voir dire that was not granted. However, there are missing sections of the record. During oral arguments, it was suggested that the challenge may have been done in chambers outside of the recording device that records the court proceedings. The court does not rule out the fact that a motion to strike may have been voiced but there seems to be no direct evidence of abuse of discretion by the trial court judge nor a basis for the motion to strike as described in the following paragraphs. Furthermore, the burden is on the Appellant to demonstrate error and this Court cannot conjecture about matters that do not appear in the record. Thus, if defenses counsel make motions that may later form the basis of appeal, the burden rests on them to assure that the motion is made on the record so that this Court may review it.

. Ordinance 21 § 2.9.8 states the following: 2.9.8 Challenge for Cause. A challenge for cause may be made by the Tribe or by the defendant, and must specify the facts constituting the causes thereof. It may be made for any of the following causes:
a. Having served as a juror in a civil action brought against the defendant for the act charged as an offense.
b. Being a party adverse to the defendant in a civil action, or having complained against or been accused by him in a criminal action.
c. Having formed or expressed an opinion as to the guilt or innocence of the defendant as would prevent him from rendering a fair verdict upon the evidence submitted on the trial.
d. A relationship between the juror and the defendant that in the opinion of the judge would cause the juror to be unable to render an impartial decision.

.Ordinance 21 § 2.9.9 states the following:
2.9.9 Failure to Challenge for Cause. Failure to challenge for cause shall constitute a waiver of the basis for challenge.

. Ordinance 21 § 2.10.2 states the following:
2.10.2 Presumption of Innocence: Effect: Reasonable Doubt: Defendant’s Refusal to Testify. A defendant in a criminal action need not testify. He is presumed to be innocent until the contrary is proven. The effect of this presumption is only to place upon the Tribe the burden of proving him guilty beyond a reasonable doubt. The defendant’s failure to testify on his own behalf shall in no way be construed against him nor commented upon by the Tribe.

. A rough transcription of the trial court recording is below:
The Court: Also, ask the counsels to get their witnesses ready because once we get the jury seated, or even now, we should have the witnesses all come in and let the jurors know because it’s important that the jurors, prospective jurors, know who the *377 witnesses are so they can maybe, they can answer questions about any relationship or knowledge of them, things like that so. Maybe this is the right time to do that. What do you two think? Counsels?
Defense Counsel: I think it’s a very good idea your honor.

. The Hopi Tribe's argument and authority cited on this standard during oral arguments was persuasive.

. Rule 9 of the Hopi Indian Rules of Civil and Criminal Procedures states:
Rule 9. AMENDMENT OF PLEADINGS,
b) At Trial. When issues or evidence not raised in the pleadings are heard at trial, the judgment may conform to such issues or evidence without the necessity of amending the pleadings.